Bruce F. Fain
Nicholas A. Muñoz
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
emainigi@wc.com
csinger@wc.com
kpoteat@wc.com
apodoll@wc.com
ddockery@wc.com

*Attorneys for CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, L.L.C., CaremarkPCS Health, L.L.C., and Caremark, L.L.C.*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA HELENA DIVISION**

| | |
|---|---|
| THE STATE OF MONTANA, EX. REL., AUSTIN KNUDSEN, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, *et al.*,<br><br>Defendants. | Cause No. CV-22-87-BMM<br><br>**CVS HEALTH CORPORATION'S REPLY MEMORANDUM FURTHER SUPPORTING ITS RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

# INTRODUCTION

The State concedes that CVS Health Corporation is not subject to general personal jurisdiction in Montana. *See* Opp'n 23 n.8. The State's First Amended Complaint contains no well-pleaded allegations tying CVS Health to the State's claims. And the State disclaims any attempt to impute the alleged conduct of other CVS or Caremark entities to CVS Health.

The State nevertheless insists that the Court has specific personal jurisdiction over CVS Health. None of its arguments survives scrutiny. The State alleges that CVS Health is subject to specific personal jurisdiction because it discussed its subsidiaries' PBM activities in its regulatory filings; because subsidiaries' executives met with insulin manufacturers to discuss insulin pricing; because a trade association representing PBMs identified CVS Health as a member; and because board members of that trade organization include executives of CVS Caremark and Caremark Rx, L.L.C. who also are executives of CVS Health. Those allegations, even if true, could not possibly subject CVS Health to specific personal jurisdiction in this Court because they have nothing to do with Montana or this dispute. And, in any event, the State utterly fails to rebut CVS Health's declaration establishing that it is a holding company that does not perform PBM or retail pharmacy services.

The State has failed to meet its burden of establishing personal jurisdiction over CVS Health. Just as a district court in Mississippi did in an identical situation with another parent entity of a PBM, the Court should dismiss the State's claims against CVS Health. *See* Order, *State of Mississippi ex rel. Lynn Fitch, Attorney General v. Eli Lilly Co., et al.*, No. 3:21-cv-00674-KHJ-MTP (S.D. Miss. Aug. 15, 2022), ECF No. 112.

**ARGUMENT**

I. **THE STATE MISCONSTRUES THE LEGAL STANDARD.**

The State argues that it may defeat a motion to dismiss for lack of personal jurisdiction by making "a *prima facie* showing of jurisdictional facts." Opp'n 12 (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)). But once a defendant submits a declaration that contradicts the plaintiff's jurisdictional allegations, the plaintiff must *produce evidence* supporting jurisdiction. *See Cataraha v. Elemental Prism, LLC*, 2018 WL 3448283, at *1 (D. Mont. July 17, 2018).

Together with its opening brief, CVS Health submitted the declaration of Thomas Moffatt, the Corporate Secretary of CVS Health's wholly owned subsidiary, CVS Pharmacy, Inc. Mr. Moffatt's declaration establishes that CVS Health has no material connection to Montana or this dispute. *See* Dkt. 90-1, Moffatt Decl. ¶¶ 5-6. In light of Mr. Moffatt's declaration, the State may not rely on a mere "*prima facie* showing of jurisdictional facts." *Dole*, 303 F.3d at 1108. It must produce evidence supporting jurisdiction. For the reasons discussed below, the State has failed to meet that burden.

II. **THE STATE FAILS TO ESTABLISH THAT CVS HEALTH IS SUBJECT TO SPECIFIC JURISDICTION.**

   A. **The State Cannot Establish a Statutory Basis for Specific Personal Jurisdiction.**

To establish specific personal jurisdiction under the Montana long-arm statute, the State must prove that CVS Health "transact[s] business" in Montana or that CVS Health committed an act "resulting in accrual within Montana of a tort action." Mt. R. Civ. P. 4(b)(1)(A), (B). The State cannot make either showing.

The State (at 11) claims that Montana's long-arm statute "has been said" to be coextensive with the federal constitution, seemingly suggesting that it does not need to satisfy a separate

standard. But the Montana Supreme Court has held just the opposite, *see Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 20-21 (Mont. 2015), and the State has effectively conceded that there is a separate (and more restrictive) statutory standard by fully briefing Rule 4(b)(1), *see* Opp'n 19-22.

### 1. CVS Health Does Not "Transact Business" in Montana.

A party "transact[s] business" in Montana only when it "conducts 'substantial' business activity in the state." *Grizzley Sec. Armored Express, Inc. v. Armored Grp., LLC*, 255 P.3d 143, 147 (Mont. 2011). "[I]t is not enough for a party to 'merely enter into a contract with a resident of Montana,' even when the parties communicate across state lines." *Ascenscio v. Phillips Agency, Inc.*, 2016 WL 9461796, at *3 (D. Mont. Aug. 16, 2016) (quoting *Cimmaron Corp. v. Smith*, 67 P.3d 258, 261 (Mont. 2003)); *see Edsall Constr. Co., Inc. v. Robinson*, 804 P.2d 1039, 1042 (Mont. 1991). The State does not dispute that CVS Health has no offices or facilities in Montana, that none of its limited business functions regularly occur there, or that it has no assets, income, employees, or operations in Montana. Moffatt Decl. ¶ 5. That should end the inquiry.

Instead, the State (at 19) points to its conclusory allegations that CVS Health is involved in PBM services and formulary construction. *See* FAC ¶¶ 86, 112. But Mr. Moffatt's declaration contradicts those allegations (Moffatt Decl. ¶¶ 4-5) and the State provides no contrary evidence. *See* Opp'n 19-20. Even on their own terms, the allegations the State identifies could not support a finding of personal jurisdiction. Paragraph 86 is a purely conclusory statement that does not survive basic notice pleading standards. *In re Boon Glob. Ltd.*, 923 F.3d 643, 654 (9th Cir. 2019) ("Conclusory allegations . . . are insufficient to confer personal jurisdiction. Something more is needed."). Paragraph 112 recites the uncontested fact that CVS Health and its subsidiaries share certain directors. But sharing directors does not establish jurisdiction. *Fischer v. Int'l Student Exch., Inc.*, 2015 WL 2095237, at *3 (D. Mont. May 5, 2015).

3

The State (at 20) contends that CVS Health provided PBM services "throughout the state of Montana." Mr. Moffatt's declaration directly refutes that allegation. Moffatt Decl. ¶ 5. The State disagrees, arguing that Mr. Moffatt's declaration leaves open the possibility that CVS Health actually provides PBM services. The declaration, however, is explicit that CVS Health performs "no operations unrelated to its status as a holding company." *Id.* ¶ 4. Even setting aside that dispositive flaw in the State's argument, the State conflates PBM services, which are provided to health-plan clients, with downstream pharmaceutical sales to individuals. There are no allegations that any *PBM services*—such as creating formularies and negotiating with pharmaceutical manufacturers—were performed in Montana.

### 2. CVS Health Did Not Take an Action "Resulting in an Accrual within Montana of a Tort Action."

The State also fails to identify any action of CVS Health "resulting in an accrual within Montana of a tort action." Mt. R. Civ. P. 4(b)(1)(B). Montana courts interpret this rule narrowly, looking "not to the location of the injury but to the location of the injury-causing event." *Ascencio*, 2016 WL 9461796, at *4. The State cannot establish specific personal jurisdiction under that standard because it alleges no qualifying "injury-causing event" in Montana.

The State (at 20-21) points to alleged meetings between individuals who it asserts were CVS Health executives and the Manufacturer Defendants, and CVS Health's alleged membership the Pharmaceutical Care Management Association ("PCMA") trade group. But nowhere does the State allege that any of these meetings occurred in, or even related to, Montana. *See* FAC ¶¶ 90-92, 322-24. Similarly, the State's reliance (at 21) on conclusory allegations that CVS Health performed PBM services, FAC ¶¶ 86-89, 112, fails because the State does not claim that any such conduct occurred in Montana.

The only conduct that allegedly occurred in Montana is the publication of fraudulent statements. Opp'n 21 (citing FAC ¶¶ 510-33). Even accepting those allegations as true, the Montana long-arm statute does not apply "when the defendant's only contact with Montana is an allegedly fraudulent communication." *Ascencio*, 2016 WL 9461796, at *6 (citing *Tackett v. Duncan*, 334 P.3d 920, 927 (Mont. 2014)); *see Tackett*, 334 P.3d at 927 ("interstate communication is an almost inevitable accompaniment to doing business in the modern world" that cannot itself "justify the exercise of personal jurisdiction" (citation omitted)).

The State's allegations that CVS Health executives met with manufacturers are misleading. As the State itself alleges, the purported CVS Health executives also work for other entities—including entities that negotiate, and therefore have routine contact, with manufacturers. There is no indication that any of those dual employees undertook any acts on behalf of *CVS Health*; indeed, Mr. Moffatt's declaration establishes otherwise. Mr. Moffatt's declaration also establishes that CVS Health is a holding company that does not itself interact with manufacturers or provide PBM services. Moffatt Decl. ¶¶ 4-5.

The State's reliance (at 21-22) on the facts of *Doverspike v. Murphy*, 2021 WL 3604813 (D. Mont. Aug. 13, 2021) is misplaced. The defendant there was subject to specific personal jurisdiction because he filed fraudulent declarations in multiple legal proceedings in Montana, thereby effectuating a fraudulent transfer in this state. *Id.* at *4. The FAC contains no similar allegations and does not allege that CVS Health engaged in *any* conduct in Montana.

The State is left to contend (at 22) that the FAC alleges that CVS Health conspired to "cause damage to Montana and Montanans, and in fact resulted in damage to Montana and

Montana diabetics." But what matters is the location of the *injury-causing conduct*, not the resulting harm.[1]

      **B.**      **The State Fails to Establish a Constitutional Basis for Specific Jurisdiction.**

Even if CVS Health were subject to jurisdiction under the long-arm statute, the State cannot establish that the exercise of jurisdiction would be constitutional. The State relies only on the stringent "effects test," Opp'n 23-28. As the Supreme Court explained in *Walden v. Fiore*, 571 U.S. 277, 290 (2014), the "effects test" does *not* give rise to personal jurisdiction based on "where the plaintiff experienced a particular injury or effect." As under Montana's long-arm statute, "the proper question" is "whether the *defendant's conduct* connects him to the forum in a meaningful way." *Id.* (emphasis added). Accordingly, personal jurisdiction can be established under the "effects test" only when the defendant *expressly aims* its actions at the forum state with the knowledge that the plaintiff would suffer harm there. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

CVS Health's evidence confirms that (1) it "is a holding company" that "has no operations unrelated to its status as a holding company," Moffatt Decl. ¶ 4; (2) it has no operations and conducts none of its limited business functions in Montana, *id.* ¶ 5; (3) it "has no direct involvement in directing, managing, or supervising the operations or the employees of any of its direct or indirect subsidiary companies," including the PBM entity, Caremark Rx, L.L.C., *id.* ¶ 6; and (4) it is "separate and distinct" from Caremark Rx, L.L.C., and the other subsidiary entities that have been sued here. *Id.* ¶ 7.

---

[1] The State (at 3) suggests that the MCPA establishes personal jurisdiction. But it provides no authority for the proposition that claims under the MCPA are not subject to the ordinary long-arm statute, and the FAC does not allege the MCPA as the basis for jurisdiction.

The State's effort to rebut these dispositive facts fails. The State (at 15 & n.6) argues that CVS Health actually performs a broad range of services unrelated to its status as a holding company based on Mr. Moffatt's LinkedIn profile. *See* Opp'n Ex. 2. But Mr. Moffatt is an employee and officer of other Caremark entities, as the State itself concedes (at 13). The State does not even attempt to establish that Mr. Moffatt performs the identified functions *pursuant to his role at CVS Health*.

The State also (at 14-15, 24) tries to rebut Mr. Moffatt's declaration by citing three documents purportedly demonstrating that CVS Health is a member of PCMA. (Opp'n Exs. 3-5). To start, the State never explains how the mere fact of membership in PCMA is probative of anything, much less how it establishes that CVS Health was anything but a holding company. Nor does the FAC contain any allegations suggesting that CVS Health took any action through the PCMA "expressly aimed" at Montana. *Axiom*, 874 F.3d at 1069.[2] Even on their own terms, the documents the State identifies do not support a finding of personal jurisdiction. Two of the documents (Opp'n Exs. 4, 5) are irrelevant because they refer generally to the "CVS Health," brand, not specifically the holding company CVS Health Corporation. The only document identifying CVS Health Corporation is a corporate disclosure statement from 2015. (Opp'n Ex. 3). Even if this eight-year-old document were given any weight, the State has not established that mere membership in a trade organization, such as the PCMA, is inconsistent with CVS Health's status as a holding company. And critically, the FAC contains no allegations whatsoever suggesting that the CVS Health took any action through the PCMA "expressly aimed" at Montana. *Axiom*, 874 F.3d at 1069.[3]

---

[2] The State's reference (at 15 n.7) to a settlement with the Department of Justice related to alleged prescription forgery has no bearing whatsoever on the State's allegations about insulin pricing.

Notwithstanding the State's protestation (at 1) that it is not relying on CVS Health's status as a corporate parent, and its concession (at 2) that it does not try to pierce the corporate veil, its brief overwhelmingly relies on bare allegations seeking to hold CVS Health liable for alleged actions of its subsidiary PBMs and retail pharmacies, which are separate and distinct entities. Opp'n 7-10, 24-28. Consistent with the "deeply ingrained" principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries, *United States v. Bestfoods*, 524 U.S. 51, 61 (1998), the State's allegations referring to the CVS Caremark entities or "PBM Defendants" generally should be disregarded. The State's regurgitation of these allegations, which CVS Health already comprehensively addressed "paragraph-by-paragraph" (Opp'n 17) in its opening brief, changes nothing.

The State (at 17-19) accuses CVS Health of "omit[ting]" key allegations, but points to only six paragraphs of its complaint, none of which is material. Paragraph 112 reiterates the irrelevant point that CVS Health and its subsidiaries have "interlocking directorships and shared executives." *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) (affirming dismissal of holding company where the Plaintiff "offer[ed] nothing in response" to holding company's evidence that it was uninvolved in allegedly unlawful transactions by its subsidiary). Paragraphs 323-24 do not discuss CVS Health at all, and instead refer collectively to the "PBM Defendants."[4]

Despite conceding that executives often serve as employees and officers of multiple CVS Caremark entities, the State misleadingly attributes statements by executives of multiple entities

---

[4] Notably, PCMA itself distinguishes between a director's role at CVS Health and his role at CVS Caremark—and identifies CVS Caremark (not CVS Health) as the PBM subsidiary. *See* https://www.pcmanet.org/about/board-of-directors/alan-lotvin/ ("Alan Lotvin, M.D., is executive vice president of CVS Health, *and president of CVS Caremark, the company's pharmacy benefits management (PBM) business*." (emphasis added)).

to CVS Health.  *See* Opp'n 18 (citing paragraphs 322, 351, and 358).  Paragraph 322 contains alleges about Alan Lotvin, who was President of CVS Caremark, and Jon Roberts, who was CEO of Caremark Rx., L.L.C.  FAC ¶ 112.  The State does not even allege that Mr. Lotvin or Mr. Roberts participated in the PCMA in their capacity as employees of *CVS Health*, as opposed to subsidiaries that provide PBM services.  Paragraph 358 quotes part of congressional testimony provided by Thomas Moriarty, the Chief Policy and External Affairs Officer and General Counsel for CVS Health, while *omitting* key parts of his statement that demonstrate subsidiaries, not CVS Health, provide the at-issue services. https://www.congress.gov/116/meeting/house/109299/witnesses/HHRG-116-IF02-Wstate-MoriartyT-20190410.pdf (discussing services available to "Caremark members" and "CVS Pharmacy customers").  And the State's reliance (at 18) on paragraph 351 is downright misleading: that paragraph contains allegations about statements made about "*CVS Caremark*," not CVS Health.

In light of Mr. Moffatt's declaration, the State was obligated to submit evidence showing that CVS Health conducts business in Montana.  *Montana Merch., Inc. v. Dave's Killer Bread, Inc.*, 2017 WL 2683981, at *2 (D. Mont. June 21, 2017).  The State has not done so and cannot do so because CVS Health is a holding company and does not itself direct, manage, or supervise any PBM business conducted by subsidiaries.  *See* Moffatt Decl. ¶¶ 4, 6-7.  That should be dispositive here, and the State can simply proceed against the CVS Caremark entities that perform the PBM services at issue in this case.

## III. THE COURT SHOULD DENY JURISDICTIONAL DISCOVERY.

The State is not entitled to jurisdictional discovery.  "In order to obtain leave to conduct jurisdictional discovery, Plaintiff[] must make a preliminary showing of jurisdiction."  *First Nat'l Bank of Sioux Falls v. Est. of Carlson*, 448 F. Supp. 3d 1091, 1108 (D. Mont. 2020) (citation

omitted). Additionally, it must "specify what facts they expect to uncover during discovery and how those facts would support personal jurisdiction." *Nomad Glob. Commc'n Sols., Inc. v. Hoseline, Inc.*, 2021 WL 1400983, at *6 (D. Mont. Apr. 14, 2021). Jurisdictional discovery is unwarranted and inappropriate where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted).

Here, CVS Health has provided evidence that it is a holding company and it has no operations unrelated to that status. Moffatt Decl. ¶ 4. The State's reliance on "bare allegations in the face of specific denials" by CVS Health is insufficient to demonstrate a preliminary showing of jurisdiction or justify awarding even limited discovery. *Holland Am. Line Inc.*, 485 F.3d at 458 (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). The State (at 30) purports to seek through discovery "information that would further illuminate CVS Health's role in the Scheme and the corporate relationship or lack of corporate separateness between CVS Health and the CVS entities." Information about the "scheme" pertains to the *merits*, not jurisdiction, and information about CVS Health's corporate relationships is unwarranted in light of the State's concession that its "claims against CVS Health are not based on its status as a corporate parent, but on CVS Health's own conduct" and that "a corporate veil argument . . . is not necessary to the Court's jurisdictional analysis." Opp'n 2. Discovery into CVS Health's subsidiaries is therefore "unlikely to yield facts 'sufficient to constitute a basis for jurisdiction.'" *Nomad Glob. Commc'n Sols., Inc.*, 2021 WL 1400983, at *7 (denying request for discovery into defendant's subsidiaries or parent companies). There is no reason to grant wasteful discovery to allow the State to collect evidence about a legal theory it explicitly disclaimed. Allowing special jurisdictional discovery is particularly unwarranted given that the Caremark entities have separately moved for dismissal

under Rule 12(b)(6). If that motion is granted, there will be no need to engage in discovery, and if it is denied, discovery, including of jurisdictional facts, will proceed in the ordinary course.

There is no ambiguity here regarding the extent of CVS Health's contact with Montana, and the State has had ample opportunity to submit evidence on that issue, but it failed to do so. Accordingly, the State's request for jurisdictional discovery should be denied.[5]

## CONCLUSION

The Court should dismiss the claims against CVS Health for lack of personal jurisdiction.

Dated: April 28, 2023

Respectfully submitted,

/s/ Bruce F. Fain
Bruce F. Fain
Nicholas A. Muñoz
CROWLEY FLECK PLLP
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

/s/ R. Kennon Poteat, III
Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington DC 20024
Telephone: (202) 434-5000

*Attorneys for CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, L.L.C., CaremarkPCS Health, L.L.C., and Caremark, L.L.C.*

---

[5] The FAC already identifies specific subsidiaries of CVS Health that are alleged to be PBMs. *See* FAC ¶¶ 102, 105, 110-11. None of those CVS Health subsidiaries have challenged personal jurisdiction.

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief contains 3,209 words, excluding captions, certificate of compliance, and footnotes. In making this certification, I relied on the word count function in Microsoft Word, which was used to prepare this brief.

/s/ Bruce F. Fain
Bruce F. Fain
Nicholas A. Muñoz
**CROWLEY FLECK PLLP**
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 252-3181
bfain@crowleyfleck.com
nmunoz@crowleyfleck.com

/s/ R. Kennon Poteat, III
Enu Mainigi
Craig D. Singer
R. Kennon Poteat, III
A. Joshua Podoll
Dan Dockery (*PHV forthcoming*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington DC 20024
Telephone: (202) 434-5000

*Attorneys for CVS Health Corporation, CVS Pharmacy, Inc., Caremark Rx, L.L.C., CaremarkPCS Health, L.L.C., and Caremark, L.L.C.*